## INSURANCE CO. OF NORTH AMERICA v. KOLLER.

No. 17531.     Opinion Filed May 1, 1928.

Rehearing Denied June 26, 1928.

(Syllabus.)

**Appeal and Error—Jury's Finding Supported by Competent Evidence not Disturbed.**

In a law action tried to a jury upon disputed questions of fact, where instructions of the court fairly and reasonably state the law on the issues joined, the finding of the jury and judgment of the court thereon will not be disturbed on appeal, where there is any competent evidence reasonably tending to support the same.

Appeal from District Court, Murray County; A. C. Barrett, Judge.

Action by J. R. Koller against the Insurance Company of North America. On the death of plaintiff, the cause was revived in the name of Mrs. J. R. Koller, his administratrix. From a judgment for plaintiff, defendant appeals. Affirmed.

Rittenhouse & Rittenhouse, for plaintiff in error.

Walter E. Latimer, for defendant in error.

CLARK, J. The plaintiff in error being defendant below, and the defendant in error being plaintiff below, parties will be referred to as they appeared in the trial court.

Plaintiff in court below, defendant in error, having departed this life, this case was revived on the 1st day of September, 1927, in this court in the name of Mrs. J. R. Koller as administratrix of the estate of J. R. Koller, deceased, as defendant in error.

Plaintiff commenced this action in the district court of Murray county, Okla., against the defendant, Insurance Company of North American, to recover upon an insurance policy. Plaintiff alleged: That he was the owner of a certain one-story, shingle roof, frame dwelling house and household goods situated therein. That on or about the 27th day of September, 1924, said house and household goods, kitchen furniture, etc., and smokehouse situated on said premises were covered by fire insurance policy issued by defendant to plaintiff, insuring plaintiff against loss and damage by fire, in the sum of $1,800 on said house, $1,500 on said household and kitchen furniture, etc., and $50 on smokehouse. That on the 27th day of September, 1924, while said policy of insurance was in force, said dwelling house and the contents were totally destroyed by fire, and the smokehouse was damaged by fire to the extent of $25. That said personal property so destroyed and the actual value of each article were set forth in an exhibit attached and made a part of the plaintiff's petition. Plaintiff prayed judgment against the defendant in the sum of $2,999.

Thereafter defendant filed its answer, which denied each and every allegation except such as were admitted, and further de-

nied liability under said policy, setting up stipulations, provisions, and conditions of said policy which the defendant contended the plaintiff had violated.

Trial was had to a jury; verdict was returned finding for the plaintiff and fixing his recovery at $2,500. Judgment was rendered on verdict of the jury in the sum of $2,500.

Thereafter motion for new trial was filed and overruled, and defendant brings the cause here for review.

The first and second assignments of error are as follows:

"1. The trial court erred in overruling the demurrer of defendant to plaintiff's petition.

"2. The trial court erred in overruling the objection of the defendant to the introduction of any evidence."

Inasmuch as these two assignments of error follow the same questions, they are presented by plaintiff in error together. Plaintiff in error, at page 82 of the brief, under this assignment of error states:

"It will be noted that plaintiff failed to allege in his petition that he was the owner of the property covered by the policy and destroyed by the fire either at the time the policy was issued or at the time of the fire. That failure to allege ownership of the property at the time of the issuance of the policy and at the time of the fire renders the petition bad upon demurrer, and that such allegations must be contained in the petition or said petition will not state a cause of action is now so well settled that citation of authorities is hardly necessary. However, the following authorities on this question are called to attention: * * *"

Under this assignment of error the plaintiff in error, defendant below, cites a number of authorities holding that, where the petitioner fails to allege ownership at the time of the fire, petition does not state a cause of action. With the rule announced by these authorities we find no fault.

The second paragraph of plaintiff's petition states that plaintiff is and was the owner of a certain one-story, shingle roof, frame dwelling house, including foundation, additions, irremovable fixtures, plumbing, heating, and lighting apparatus, porches, etc., and of certain household goods and kitchen furniture and furnishings and other personal property described in said insurance policy, and further states that said goods were situated in said dwelling house, and on the 27th day of September, 1924, said house and household goods and kitchen furniture were covered by fire insurance policy issued by defendant, plaintiff in error.

/The fourth paragraph of plaintiff's petition alleges that on the 27th day of September, 1924, while said policy was in force, said dwelling house and contents described were totally destroyed by fire and said smokehouse was damaged by said fire to the extent of $25.

There is no merit in plaintiff in error's contention that plaintiff failed to allege in his petition that he was owner of the property covered by insurance policy, and destroyed by fire, so the authorities cited are not applicable to the case at bar.

The third assignment of error is that the court erred in admitting certain evidence on the part of the plaintiff over the objection and exception of the defendant. We have examined the evidence offered and admitted, and are of the opinion that the court did not err in admitting the evidence complained of, and that no prejudicial error was committed by the trial court, in the admission of the evidence offered.

The fourth assignment of error is that the court erred in refusing and ruling out the competent and legal evidence on the part of defendant to which defendant duly excepted at the time. This evidence offered by defendant was on cross-examination of plaintiff in regard to a mortgage of the Federal Land Bank of Wichita, Kan., which was on land owned by plaintiff. Defendant also sought to introduce records showing mortgage given by plaintiff to Federal Land Bank of Wichita, Kan. No copy of the mortgage is contained in the record. The plaintiff, defendant in error, testified that the mortgage did not cover the house or the contents that was covered by the insurance policy. This being true, same would not be admissible in evidence.

Assignment of error No. 5 is that the trial court erred in overruling the demurrer of the defendant to the evidence of the plaintiff. There is no merit to this contention. The ruling of the court on demurrer to plaintiff's evidence was proper.

The sixth assignment of error complains of instructions Nos. 1 to 5, inclusive, given by the court to the jury, which were duly excepted to by the defendant. We have examined the instructions of the court to the jury, and they as a whole clearly state the law on the issues joined, and there was no

prejudicial error in giving instructions 1 to 5.

After a careful examination of the record, reading of plaintiff's and defendant in error's brief, we must conclude that defendant, plaintiff in error, had a fair trial on the issues joined; that the same was tried to a jury and all questions of fact were submitted to the jury on the proper instructions by the court; and, this being a law case, the verdict of the jury will not be disturbed on appeal, where there is any competent evidence reasonably tending to support the same. The evidence in this case as to the insurance policy being issued and in full force and effect, that the same covered the property of plaintiff, and that said property was destroyed by fire is not disputed. The value of the property was proved by plaintiff, and the verdict of the jury was reasonable and just.

We must therefore conclude that the judgment of the trial court should be and is affirmed.

MASON, (V. C. J., and HARRISON, PHELPS, HUNT, RILEY, and HEFNER, JJ., concur.